**FARM CREDIT BANK OF TEXAS**

v.

**Lorita Richard GUIDRY, Patrick Guidry, in his capacity as Testamentary Executor in the Succession of Curtis J. Guidry and the C & L Guidry Farm, Inc.**

No. CIV.A. 97–682–B–M3.

United States District Court, M.D. Louisiana.

Sept. 30, 2002.

See also 110 F.3d 1147, 283 F.3d 686.

Mark P. Dauer, William C. Gambel, Jean Marie Sweeney, Milling Benson Woodward, LLP, New Orleans, LA, for Plaintiff.

Michael J. Domingue, Frederick H. Kroenke, Jr., Alan Gregory Rome, Lockwood, Kennedy & Rome, L.L.C., Baton Rouge, LA, Jonathan C. McCall, Chaffe, McCall, Phillips, Toler & Sarpy, New Orleans, LA, Harry Joseph Philips, Jr., William Shelby McKenzie, Robert W. Barton, Taylor, Porter, Brooks & Phillips, Baton Rouge, LA, Lou Anne Milliman, McGlinchey Stafford, PLLC, New Orleans, LA, Richard Franklin Zimmerman, Jr., Randal J. Robert, Kantrow, Spaht, Weaver & Blitzer, Baton Rouge, LA, for Defendants.

## *RULING*

POLOZOLA, Chief Judge.

This case presents an interesting question of law for the Court to decide: May the defendants whose funds were seized as a result of a decision rendered by the Fifth Circuit Court of Appeals[1] have these funds refunded if the Fifth Circuit has expressly overruled its earlier opinion?[2]

The defendants Lorita Richard Guidry and Patrick Guidry, in his capacity as Testamentary Executor of the Succession of Curtis J. Guidry and C & L Guidry Farm, Inc., have filed this Motion for Relief From Judgment.[3] The plaintiff, Farm Credit Bank of Texas ("Farm Credit"), originally did not file an opposition to the motion. On July 3, 2002, the Court granted the defendants' motion.[4] On July 10, 2002,

---

1. *Farm Credit Bank of Texas v. Guidry,* 110 F.3d 1147(5th Cir.1997).

2. *In Re Orso,* 283 F.3d 686 (5th Cir.2002).

3. Rec. Doc. No. 226

4. Rec. Doc. No. 228.

Farm Credit filed a motion for rehearing and to vacate.[5] Thereafter, the Court granted plaintiff's motion for rehearing and took the motion to vacate under advisement.[6] The Court also ordered the parties to file briefs.[7] For reasons which follow, the motion to vacate the Court's original opinion is denied. The Court re-adopts its earlier opinion and adds additional reasons thereto.

## I. Background

Farm Credit originally filed this suit on a note owed jointly by Curtis J. Guidry, Lorita Richard Guidry, and C & L Guidry Farm, Inc.[8] After final judgment was rendered in favor of Farm Credit, the judgment was made executory.[9]

Farm Credit then instituted proceedings to collect this judgment. After Patrick Guidry failed to timely file answers to garnishment interrogatories, Farm Credit moved for a Judgment Pro Confesso. Although Patrick Guidry failed to timely file his answers to these interrogatories, they were filed before the hearing on the Motion for Judgment Pro Confesso. In his answers, Patrick Guidry denied holding any property belonging to Lorita Guidry.

The key issue on the Motion for Judgment Pro Confesso was whether the American Legacy II Variable Annuity contract was an annuity and, therefore, not subject to seizure. Judge John V. Parker of the Middle District of Louisiana ruled that the American Legacy II Variable Annuity (hereinafter the "annuity") contract was

not an annuity and was subject to seizure. The defendants then appealed this judgment which was affirmed by the Fifth Circuit.[10] The American Legacy policy was converted to cash and paid to Farm Credit.

Thereafter, Farm Credit filed a Motion for Contempt against the Guidrys. After conducting a hearing on the contempt motion, the motion was denied by this Court. During the same hearing, the Court denied Lincoln National's Rule 60(b)(6) motion based on the applicability of Act 63 of 1999 of the Louisiana legislature. Act 63 had been enacted after Judge Parker had issued his original opinion in this case and had been affirmed by the Fifth Circuit. This Court's ruling on the Motion for Contempt was affirmed by the Fifth Circuit on June 14, 2002.[11]

In February of 2002, the Fifth Circuit rendered its decision in *In Re Orso*.[12] The Fifth Circuit in the *Orso* case considered once again the very same issue which had been previously decided in its earlier decision which was rendered in this case, i.e., whether an annuity contract was exempt from seizure by a creditor. In *In re Orso*, the Fifth Circuit sitting *en banc*, expressly overruled *Farm Credit Bank TX v. Guidry*, stating that "annuity contracts under which payments were owed came within [the] scope of Louisiana statute exempting such contracts from claims of creditors, and thus were exempt for purposes of bankruptcy, overruling *Young v. Adler (In*

---

5. Rec. Doc. No. 230.

6. Rec. Doc. No. 231.

7. While the Court initially stated it would hold oral argument on the motion, the Court, after reading the briefs, has concluded that oral argument is not required.

8. The lawsuit was filed in the United States District Court for the Middle District of Louisiana, case number 93–CV–0145.

9. *Farm Credit Bank TX v. Guidry*, United States District Court, Middle District of Louisiana, case number 95–CV–0024–MV.

10. 110 F.3d 1147 (5th Cir.1997).

11. *Farm Credit Bank TX v. Guidry*, 44 Fed. Appx. 654, 2002 WL 1397146 (5th Cir.2002) (Unpublished).

12. 283 F.3d 686 (5th Cir.2002).

re Young), 806 F.2d 1303, *In re McGovern*, 918 F.2d 175, and *Farm Credit Bank of Texas v. Guidry*, 110 F.3d 1147." [13] (Emphasis added).

Relying on this *en banc* decision of the Fifth Circuit, the Guidrys filed a motion for relief from judgment pursuant to Rule 60(b)(5) and (6) of the Federal Rules of Civil Procedure. Specifically, the defendants seek to have this Court order the return of the proceeds from the annuity which was previously seized to the Lorita Guidry Irrevocable Trust. The Court originally granted defendants' motion but later granted plaintiff's motion for a rehearing. The plaintiff's motion to vacate the Court's judgment was taken under advisement. The motion to vacate is now denied. The Court believes that both equity, justice and law require that the seized annuity funds be returned to the Lorita Guidry Irrevocable Trust (hereinafter the "Guidry Trust").

The plaintiff contends that the Fifth Circuit did not overrule the case when it rendered its decision in *In Re Orso*. Plaintiff further argues that a final judgment has been entered in this case, and therefore, it cannot be reversed by a new decision of the Fifth Circuit or under Rule 60(b) of the Federal Rules of Civil Procedure. The Court finds these arguments to be without merit. As will be noted later in this opinion, the original judgment in this case allowing the annuity to be seized was overruled by the Fifth Circuit in its *In Re Orso* opinion; there was no new law created by the Fifth Circuit's *Orso* opinion or by the Louisiana legislature in enacting Act 63 of 1999; and, Rule 60(b)(5) and (6) is a proper procedural vehicle to seek relief under the facts of this case.

While the Court feels the Guidry's motion should be granted, the Court must note as plaintiff has argued in its motion to vacate, that the Fifth Circuit recently affirmed this Court's decision denying Farm Credit Bank's motion for contempt against the Guidrys in case number 01–30271. In that same ruling, the Fifth Circuit also affirmed the district court's denial of Lincoln National's Rule 60(b)(6) motion based on Act 63 of the 1999 Louisiana legislature. The Court does not believe that the recent Fifth Circuit opinion in case number 01–30271 prevents the Court from granting the defendants' pending motion for relief from judgment for reasons which follow.

## II. Law and Analysis

Rule 60 (b)(5) and (6) of the Federal Rules of Civil Procedure provide:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons:
>
> .  .  .  .  .
>
> (5) the judgment has been satisfied, released, or discharged, **or a prior judgment upon which it is based has been reversed or otherwise vacated, or is no longer equitable** and the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. (Emphasis added).

In *Orso*, the Fifth Circuit expressly overruled the *Guidry* case. The *Orso* court also held that Act 63 of 1999, which amended the statute exempting proceeds of annuity contracts against claims of creditors was not a retroactive change in the law, but rather was a "purely interpretive" explanation of the way the law has always been. The *Orso* court further stated that "[t]he panel majority also erred in treating the 1999 Amendment as a retroactive change in the law. It was, instead,

13. *Id.,* at 686.

purely *interpretive* of the way the law had always been—before, on, and after the petition date."[14] (Emphasis by the Fifth Circuit).

The sole and only reason that this Court allowed the plaintiff to seize the annuity funds in this case was based on the Fifth Circuit's initial ruling in *Guidry*. Since *Guidry* has been overruled by the Fifth Circuit in *Orso,* and the Louisiana legislature has clarified what the law is (and has always been) on this issue, the defendants should have the annuity funds returned to the Guidry Trust. Not only did the Fifth Circuit hold that the annuity funds could not be seized, the Guidrys, who are the defendants in this case, are the very same defendants in the *Guidry* case which was overruled by the Fifth Circuit in *Orso.* To allow the seized annuity funds to remain in the hands of the plaintiff under the law and facts now before the Court would be a great injustice to the Guidrys and would allow Farm Credit to get a windfall to which it is not entitled under the law which existed at the time of the seizure of the annuity fund and now according to *Orso.*

As noted earlier, the same Fifth Circuit judges who wrote the opinion affirming this Court's ruling on contempt and the Rule 60(b) claim asserted by Lincoln National were also in the majority on the *en banc* decision in *Orso.* In this second opinion, the Fifth Circuit in *In Re Orso.* In this second opinion in the *Guidry* case, the Fifth Circuit sated that, "[o]n Lincoln National's cross appeal, we are satisfied that the district court did not abuse its considerable discretion in denying LNL's Rule 60(b)(6) motion predicated on an act of the Louisiana legislature enacted after the relevant issue had been litigated and had become the law of the case."[15]

Despite the language set forth in the second *Guidry* opinion regarding Lincoln National's the Rule 60(b) claim, this Court believes that it is bound by the Fifth Circuit's *en banc* holding in *In Re Orso* wherein the court stated that these annuities are exempt from seizure by creditors and that Act 63 of the 1999 Louisiana legislature was not a retroactive change in the law but an interpretation of what the law has always been. Furthermore, the movers on the pending Rule 60(b) motion in this case are the Guidrys and not Lincoln National. It is also clear that one panel of the Fifth Circuit may not reverse another panel unless the Court does so *en banc.* Here, an *en banc* opinion was issued before the second opinion of the Fifth Circuit was rendered in this case. Insofar as the Guidrys are concerned, the Court believes that the *en banc* opinion is binding and should be followed by the Court in ruling on the Rule 60(b) motion.

The Court also finds that this case is one in which Rule 60(b)(5) and (6) is clearly applicable. The facts surrounding the history of this case and the recent *en banc* opinion of the Fifth Circuit mandate and justify the Court's decision to grant the motion for relief from judgment pursuant to Rule 60(b)(5) and (6). It is clear that this is a case in which the judgment upon which the prior decision was based has been "reversed, or otherwise vacated, or is no longer equitable."[16]

The Court believes that the return of proceeds of this annuity to the Guidrys is the only legal, fair, and equitable solution considering the clarification made by the

---

14. *Orso,* at 694.

15. *Farm Credit Bank of TX v. Guidry,* 44 Fed. Appx. 654, 2002 WL 1397146 (5th Cir.2002), p. ——.

16. *See* Fed.R.Civ.P. 60(b)(5).

Fifth Circuit in *In Re Orso* as to what the law is, and was, at the time of the initial litigation and seizure of the Guidry annuity. In the interests of justice, equity and judicial economy, the Court shall again grant the defendants' Motion for Relief from Judgment and order that the proceeds of Guidry annuity previously seized herein be returned to the Guidry Trust by Farm Credit Bank within 20 days of the Court's judgment, together with interest which would have been made on the annuity had it not been seized and cashed in to date of judgment and interest thereafter at the current federal rate from judgment until paid.

It is also important to note in closing that this Court is not setting aside the original judgment which Farm Credit obtained. Plaintiff can still collect on this judgment. What plaintiff cannot do is seize and use the funds from this annuity to satisfy the judgment. Furthermore, the Court is not ordering Farm Credit to return all other funds received from the defendants in payment of the judgment. It is only the funds derived from cashing in the annuity that Farm Credit must return.[17]

Therefore:

IT IS ORDERED that the defendants' Motion for Relief from Judgment[18] shall be GRANTED.

IT IS FURTHER ORDERED that plaintiff's Motion to Vacate shall be DENIED.

IT IS FURTHER ORDERED that within 20 days of the date of the judgment, Farm Credit Bank of Texas shall return the proceeds of the Guidry annuity previously seized herein together with interest which would have been earned on the an-

nuity had it not been seized and cashed in until date of judgment and interest at the current federal rate from date of judgment until paid.

IT IS FURTHER ORDERED that the parties shall prepare and file with the Court on or before October 4, 2002 a proposed judgment in accordance with this opinion which shall be approved as to form by all parties.

---

**17.** While it is not an issue in the case and does not form a basis of the Court's decision, it is important to note that Mrs. Guidry has been forced to live in an almost destitute manner since losing her annuity and paying other funds to satisfy the judgment.

**18.** Rec. Doc. No. 226.